UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO ADAMS,<br>    Plaintiff,<br>    v.<br>GOOGLE LLC,<br>    Defendant. | Case No. 25-cv-05020 NC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANT GOOGLE LLC RE: REMOVAL** |

On June 13, 2025, defendant Google LLC removed this case to this Court from Santa Clara County Superior Court. Dkt. No. 1. The federal court is a court of limited jurisdiction and the party asserting jurisdiction (here, Google) has the burden of establishing a basis to be in federal court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court may consider the issue of subject matter jurisdiction sua sponte at any time during the proceeding. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (federal courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction").

Here, Google asserts that federal subject matter jurisdiction is established through diversity of citizenship and the amount in controversy exceeding $75,000. Dkt. No. 1, citing 28 U.S.C. § 1332(a)(1). But Google needs to provide additional information to establish that removal was proper and subject matter jurisdiction is satisfied. First, for

purposes of diversity of citizenship analysis, an LLC is treated like a limited partnership rather than a corporation. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). This means that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Id.* Here, Google has not provided citizenship information for each of its owners/members. Google therefore has not established subject matter jurisdiction.

Secondly, if Google is a California citizen as the removal notice attests, removal of a case through diversity jurisdiction is procedurally improper under the "local defendant rule" if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Because this is a procedural defect, the plaintiff must raise it within 30 days to effectuate a remand. *See Lively v. Wild Oats Mrkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006); *see also* 28 U.S.C. § 1447(c). Consequently, if Adams seeks remand on this ground, he must seek that relief promptly in compliance with 28 U.S.C. § 1447(c).

In conclusion, Google must file a response by June 20, 2025, explaining why removal was proper and subject matter jurisdiction is satisfied. If Adams wishes to move to remand the case back to Santa Clara County Superior Court for Google's violation of the local defendant rule, he must do so within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: June 13, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge