UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORENZO ADAMS,<br><br>   Plaintiff,<br><br> v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 5:25-cv-05020-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Pro se Plaintiff Lorenzo Adams ("Adams") brings this action against Defendant Google LLC ("Google") alleging that Google terminated his YouTube account in violation of the parties' Terms of Service ("Terms"). Compl., ECF No. 1-1. Before the Court is Google's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 10. Google argues that Adams's claims are barred under the doctrines of claim preclusion and issue preclusion. *Id.* This motion is fully briefed. Opp'n, ECF No. 13; Reply, ECF No. 19.

After careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, the Court **GRANTS** Google's motion to dismiss without leave to amend.

## I. BACKGROUND

On December 27, 2024, Adams filed a complaint with the Small Claims Court against Google, alleging that "YouTube suspended [his] channel without identifying the specific URL allegedly in violation of their Terms of Service." Small Claims Complaint, ECF No. 10-3, at 3; Summary of Key Facts, ECF No. 10-2, at 83. Adams alleged that he owned a YouTube channel called NerdBallerTV, and he earned an income from this channel through sponsorships. Summary

Case No.: 5:25-cv-05020-EJD
ORDER GRANTING MOTION TO DISMISS

1

1   of Key Facts, ECF No. 10-2, at 83.  YouTube cancelled Adams's account after issuing him three

2   strikes for violating its Community Guidelines, pursuant to its three-strike policy.  *Id.*  The final

3   strike was issued on March 11, 2024.  *Id.*  In the past, Adams had successfully appealed eleven

4   prior strikes by arguing that the content in the URL cited in the strike notice did not actually

5   violate YouTube's policies.  *Id.*  But here, the second and third strikes did not include the URL to

6   the post that allegedly violated the policies, so Adams could not meaningfully challenge the

7   strikes.  *Id.*  Adams tried to resolve the issue with appeals and in person communication at Google

8   offices, but he could not reach a resolution.  Small Claims Complaint, ECF No. 10-3, at 4.  Adams

9   alleged that he lost approximately $200,000 in income from YouTube's cancellation of

10  NerdBallerTV, but he sought only $12,500, the maximum amount allowed in Small Claims Court.

11  *Id.*  On March 19, 2025, the Small Claims Court entered a final judgment on the merits against

12  Adams, stating that Google "complied with its Terms of Service when it permanently suspended

13  [Adams's] channel."  Small Claims Judgment, ECF No. 10-3.

14       Approximately three months later, Adams filed this case, alleging the same facts.  *See*

15  Compl.  Adams alleges here that Google improperly terminated his YouTube channel

16  NerdBallerTV in violation of the Terms.  *Id.*  His complaint describes receiving three strikes on

17  December 26, 2023, February 5, 2024, and March 11, 2024, for allegedly violating the

18  Community Guideline's sex and nudity policy.  *Id.*  Adams similarly alleges that two of the strikes

19  did not include the URLs, so he could not correct the issue with YouTube prior to his termination.

20  *Id.*  Adams now seeks $100,000 in financial damages for lost sponsorships resulting from the

21  termination of his account, alleging that these facts give rise to four causes of action: breach of the

22  implied covenant of good faith and fair dealing; negligent enforcement and misrepresentation;

23  wrongful termination; and financial damages from business interruption.  *Id.*

24  **II.**     **LEGAL STANDARD**

25       "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

26  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

27  U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff

Case No.: 5:25-cv-05020-EJD
ORDER GRANTING MOTION TO DISMISS

2

1    must "plead[ ] factual content that allows the court to draw the reasonable inference that the

2    defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that

3    a defendant has acted unlawfully." *Id.*  The Court must "accept factual allegations in the

4    complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

5    *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However,

6    courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,*

7    556 U.S. at 678.

8        Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

9    *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106

10   (1976)).  But still, even pro se pleadings "must meet some minimum threshold in providing a

11   defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief.

12   *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

13       If the court concludes that a Rule 12(b)(6) motion should be granted, the "court should

14   grant leave to amend even if no request to amend the pleading was made, unless it determines that

15   the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

16   F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

17   **III.   DISCUSSION**

18       The Court finds that Adams's claims are precluded under the doctrines of claim preclusion

19   and issue preclusion.

20       Claim preclusion under federal law applies when three elements are met: "(1) an identity of

21   claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres.*

22   *Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation

23   marks omitted) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.

24   3 (9th Cir. 2002)).

25       The Court finds all three elements satisfied here.  First, "[i]dentity of claims exists when

26   two suits arise from 'the same transactional nucleus of facts.'" *Id.* at 1078.  This includes any

27   claims that "could have been brought" in the action, regardless of whether they "were actually

28   Case No.:  5:25-cv-05020-EJD
ORDER GRANTING MOTION TO DISMISS
3

1  pursued." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).  The Court
2  finds that Adams's complaints both here and in the Small Claims Court arise from the same
3  transactional nucleus of facts—both cases concern the termination of Adams's NerdBallerTV
4  channel based on the same three strikes.  Second, the Small Claims Court issued a final judgment
5  on the merits, and Small Claims Court judgments have the same preclusive effect as any other
6  California judgment.  *Pitzen v. Superior Ct.*, 120 Cal. App. 4th 1374, 1381 (2004) ("It is well
7  established that the claim preclusion aspect of the doctrine of res judicata applies to small claims
8  judgments.").  Third, the parties are more than privy—they are identical.

Issue preclusion, also known as collateral estoppel, "is designed to bar[ ] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination." *Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011) (internal quotation marks omitted).  "The party asserting issue preclusion must demonstrate: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits."  *See Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (internal quotation marks omitted).

The Court also finds all four elements of issue preclusion satisfied.  First, the issue at stake is the same in both proceedings—whether YouTube's termination of NerdBallerTV violated its Terms.  Second, this issue was actually litigated in Small Claims Court and decided on the merits.  *See Pitzen*, 120 Cal. App. 4th, at 1386 (discussing small claims court judgments and issue preclusion).  Third, there are no arguments that there was not a full and fair opportunity to litigate the issue in the Small Claims Court.[1]  And finally, the issue was necessary to decide the merits of that case.

---

[1] Adams only argues in his opposition that he alleges facts sufficient to state claims for breach of the implied covenant of good faith and fair dealing, negligent enforcement and misrepresentation, wrongful termination, and financial damages from business interruption.  Because the Court finds Adams's claims barred under the doctrines of claim preclusion and issue preclusion, the Court need not reach these arguments.

Case No.: 5:25-cv-05020-EJD
ORDER GRANTING MOTION TO DISMISS
4

Accordingly, the Court **GRANTS** Google's motion to dismiss. Given that Adams's claims are barred under the doctrines of claim preclusion and issue preclusion, the Court finds that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127. The Court therefore dismisses this case without leave to amend.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Google's motion to dismiss. The Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated: October 20, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:25-cv-05020-EJD
ORDER GRANTING MOTION TO DISMISS
5